UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | *<br>*<br>* |
| v. | *<br>*     17-cr-10120-ADB |
| JONATHAN R. ACE, | *<br>* |
| Defendant. | *<br>* |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

On February 1, 2018, Defendant Jonathan Ace pled guilty to wire fraud, money laundering, and conspiracy to commit bank and wire fraud. The charges to which Mr. Ace pled guilty stem from his involvement in a scheme that diverted funds from Bank of America to charities who then paid kickbacks to Mr. Ace and his wife. Bank of America's loss from the scheme amounted to $2,788,000, and the gain to Mr. Ace and his wife was approximately $320,000. Ms. Ace was sentenced by this Court on November 15, 2018 and was ordered to pay restitution of $1,835,000. Before the Court is Mr. Ace's motion to waive interest on his restitution obligation. [ECF No. 178]. The Government filed a response on November 21 that does not take a position on whether the Court should waive the interest.

I. DISCUSSION

18 U.S.C. § 3612 provides that a "defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment." "If the court determines that the defendant does not have the ability to pay [the] interest," it may "waive the requirement for interest," "limit the total of interest payable to a specific dollar amount," or "limit the length of the period during which interest accrues."

18 U.S.C. § 3612(f)(3).  The decision to waive interest, even assuming an inability to pay, is wholly within the discretion of the court.  See U.S. v. Beckford, 545 Fed. Appx. 12, 16 (2d Cir. 2015); U.S. v. Bagdy, 353 Fed. Appx. 695, 697 (3d Cir. 2009).

Although Mr. Ace has shown that he is currently unlikely to be able to pay restitution with interest because of the amount at issue and his limited future earnings potential, the relevant consideration is his ability to pay over time, not his ability to pay at the time of sentencing. Bagdy, 353 Fed. Appx. at 697.  Here, Mr. Ace and his wife deprived Bank of America of more than $2.7 million.  In the unlikely event that Mr. Ace becomes able to make his victim whole, the Court believes he should do so, with interest.

This order does not affect the Attorney General's right to waive all or any part of the interest pursuant to 18 U.S.C. § 3612(h) if he or she determines that reasonable efforts to collect the interest are not likely to be effective.

## II. CONCLUSION

Accordingly, Defendant's motion to waive interest [ECF No. 178] is denied.

**SO ORDERED.**

November 27, 2018                                           /s/ Allison D. Burroughs  
                                                                                          ALLISON D. BURROUGHS  
                                                                                          U.S. DISTRICT JUDGE